UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROYLER ARIAS-ARIAS,<br><br>Petitioner,<br><br>v.<br><br>CALEB VITELLO, et al.,<br><br>Respondents. | No. 1:26-cv-03413-DAD-SCR<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On May 4, 2026, petitioner Royler Arias-Arias filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner alleges that he was detained on January 8, 2026 and has not received a bond hearing. (*Id.* at 1–2.) Petitioner seeks release. (*Id.* at 3.) Also on May 4, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On May 6, 2026, the court set a briefing schedule on the motion for temporary restraining order and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025); *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14,

1

2025); *Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC (E.D. Cal. Dec. 9, 2025); *Yang v. Warden, California City Correctional Center, et al.*, No. 2:26-cv-00832-DAD-DMC, 2026 WL 765027 (E.D. Cal. Mar. 18, 2026); *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10, 2026); *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026); and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026).  (Doc. No. 4.)

On May 7, 2026, respondents filed a motion to dismiss wherein they "note that there does not appear to be any substantive factual or legal issues in this case that materially distinguish it from the cases identified in the Order." (Doc. No. 7 at 2.)  Further, respondents request that the court resolve the underlying habeas petition on the current briefing and without a hearing.  (*Id.*)

Accordingly, pursuant to the court's reasoning as stated in the above-cited orders and which is adopted herein, the court will grant the petition for writ of habeas corpus.

For the reasons explained above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED;

    a.  Respondents are ORDERED to immediately release petitioner Royler Arias-Arias, A-File No. 246-584-908, from respondent's custody on the same conditions he was subject to immediately prior to his January 8, 2026 re-detention;

    b.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2.     Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3.     The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

2

4.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **May 15, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3